IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SAUNDERS, JR., : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-6274 |
| : | |
| RILEY FREEMAN, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

SCOTT, J.                                                                 DECEMBER 18, 2025

Plaintiff Eugene Saunders, Jr. filed this *pro se* civil action against Defendants Riley Freeman and John Gaeta, Jr., asserting constitutional and state law claims based on an alleged tenancy agreement.[1] Saunders also moves for leave to proceed *in forma pauperis*. For the following reasons, the Court will grant the request to proceed *in forma pauperis* and will dismiss the Complaint.

---

[1] This case is very similar to a recent case filed in this Court by a litigant with the same last name who resides at the same address as the Plaintiff in this case. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider matters of public record when conducting a screening under § 1915). On September 8, 2025, Robert E. Saunders filed a *pro se* civil action against the same Defendants, Riley Freeman and John Gaeta, Jr., asserting similar allegations. *See Saunders v. Freeman, et al.*, No. 25-5219. By Memorandum and Order dated September 26, 2025, Judge John R. Padova dismissed the Complaint in its entirety and the Clerk of Court closed the case. *See id.* at ECF Nos. 5-6. Although the Court is not entirely certain, it appears that Saunders, the Plaintiff in the instant case, may be the same individual who initiated Civil Action No. 25-5219. If that is correct, Saunders is placed on notice that if he continues to file meritless lawsuits in this Court based on the same subject matter, he may be subjected to an injunction that limits his ability to file cases in the future. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").

I.   **FACTUAL ALLEGATIONS**[2]

Saunders's allegations are extremely brief. Saunders asserts that Freeman "failed to protect" him by slandering his name and by telling Gaeta that Saunders "must be forced to leave the premises without going through the necessary protocols to evict a tenant."[3] (*See* Compl. at 4.) Saunders maintains that he has been living at his address for more than three years without a lease agreement and has been paying his rent on time without ever missing a payment. (*Id.*) Saunders contends that Freeman has been "slandering [his] name about not paying rent" so that other landlords would not accept his application if he decided to move to a different apartment. (*Id.*) Saunders further avers that Gaeta has antagonized and harassed him "by bringing other people around the property" to intimidate him. (*Id.*) He claims that his children "saw everything that happened" and heard "violent language." (*Id.*) Saunders alleges that these actions "jeopardize[d] [his] freedom of taking care of [his] family." (*Id.*) As a result of these events, Saunders asserts a violation of his Fourteenth Amendment due process rights as well as state law claims. (*Id.* at 3.) He claims that he has suffered mental and physical injuries. (*Id.* at 5.) He seeks millions of dollars in damages. (*Id.*)

---

[2] The facts set forth in this Memorandum are taken from the Complaint ("Compl."). (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Spelling, punctuation, and capitalization errors are cleaned up where necessary.

[3] Freeman is identified as a "landlord" and Gaeta is identified as a "owner/operator." (Compl. at 2, 4.)

## II.     STANDARD OF REVIEW

The Court grants Saunders leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Saunders's Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Saunders is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v.*

3

*Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Finally, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

Saunders asserts claims for constitutional violations pursuant to 42 U.S.C. § 1983. (*See* Compl. at 3.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

Saunders's constitutional claims fail because none of the Defendants are alleged to be state actors. Whether a private entity is acting under color of state law – *i.e.*, whether the

4

defendant is a state actor subject to liability under § 1983 – depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Saunders has not alleged facts to support a plausible conclusion that either of the individual Defendants meet any of the foregoing tests, and nothing in the Complaint suggests any factual or legal basis for concluding that the Defendants are state actors who could be held liable under § 1983. *See, e.g., Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (*per curiam*) (affirming dismissal of constitutional claims against landlord because landlord was not a state actor); *Allen v. Nelson*, No. 25-1287, 2025 WL 1809997, at *2-3 (E.D. Pa. July 1, 2025) ("Allen's due process claim based on Nelson's conduct in her capacity as Allen's landlord is not plausible because Nelson is not a state actor." (citing *Groman*, 47 F.3d at 638 and collecting cases)); *Dejesus v. Vicky*, No. 21-1403, 2021 WL 1546228, at *3-4 (E.D. Pa. Apr. 20, 2021) (finding that employee of apartment complex and rental company itself were private individuals or entities involved in property rental and not state actors for purposes of constitutional claims) (citing cases).

Finally, to the extent that Saunders intends to raise any state law claims, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[4] Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). Saunders does not allege the citizenship of the parties in the Complaint. Rather, he indicates Pennsylvania addresses for himself and the Defendants (*see* Compl. at 2), which suggests that he and both Defendants are Pennsylvania citizens. Accordingly, Saunders has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Saunders leave to proceed *in forma pauperis* and dismiss his Complaint. Saunders's federal law claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. No leave to amend the federal law claims will be granted since any attempt would prove futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002), but Saunders may reassert his state law claims in

---

[4] Having dismissed Saunders's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.

an appropriate state court where diversity of citizenship will not be a factor.[5]  An appropriate Order of dismissal will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

_____*Kai N. Scott*_____
KAI N. SCOTT, J.

---

[5] The Court expresses no opinion on the merits of any such lawsuit.